1   JAMES A. SARRAIL, ESQ. (SBN 43075)
    MONICA CASTILLO, ESQ. (SBN 146154)
2   SARRAIL, CASTILLO & HALL, LLP
    111 Anza Blvd., Suite 203
3   Burlingame, CA 94010
    Telephone: (650) 685-9200
4   Facsimile:   (650) 685-9206

5   Attorneys for Plaintiff Richard Johnson

6

7

8                UNITED STATES DISTRICT COURT

9       IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 RICHARD JOHNSON,         )   Case No.: 5:16-cv-2396

12            Plaintiff,       )   **COMPLAINT FOR PRELIMINARY AND**

13          )   **PERMANENT INJUNCTIVE RELIEF**
       vs.              )   **AND DAMAGES: DENIAL OF CIVIL**

14          )   **RIGHTS AND ACCESS TO PUBLIC**
   SANTA CLARA DRUG      )   **FACILITIES TO PHYSICALLY**

15 COMPOUNDING PHARMACY;    )   **DISABLED PERSONS, PER**
   OWNER OF 2453 FOREST AVENUE, )   **CALIFORNIA STATUTES (INCLUDING**

16 SAN JOSE CALIFORNIA; OWNER OF )   **CIVIL CODE §§ 51, 52, 54, 54.1, 54.3,**
   SANTA CLARA DRUG      )   **54.4 AND 55), INJUNCTIVE RELIEF**

17 COMPOUNDING PHARMACY; and   )   **PER TITLE III, AMERICANS WITH**
   DOES 1-10, Inclusive,       )   **DISABILITIES ACT OF 1990**

18          )
          Defendants.     )   **DEMAND FOR JURY TRIAL**

19 ───────────────────────────

20

21

22      Plaintiff, RICHARD JOHNSON ("JOHNSON") complains of defendants SANTA

CLARA DRUG COMPOUNDING PHARMACY; OWNER OF 2453 FOREST AVENUE, SAN

23 JOSE CALIFORNIA; OWNER OF SANTA CLARA DRUG COMPOUNDING PHARMACY

24 and DOES 1-10, Inclusive, and each of them, and alleges as follows:

25 **A. INTRODUCTION**

26      1. This case involves the denial of accessible public facilities to JOHNSON and other

27 disabled persons at the Santa Clara Drug Compounding Pharmacy ("SC DRUG") located

28

───────────────────────────

**COMPLAINT**                                                1

at 2453 Forest Avenue, San Jose, California 95128. JOHNSON, a qualified disabled person, experienced numerous barriers to access as a result of the access violations at SC DRUG, including but not limited to parking, entry, counters, signage, access aisles, seating, doors, doorways, and bathrooms. JOHNSON has been a disabled individual since an accident left him paraplegic in or about July 2009 and is a "person with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when ambulating and is unable to use portions of public facilities which are not accessible to disabled persons, including those who use a wheelchair. JOHNSON was denied his rights to full and equal access at these facilities, and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled person, including those who use a wheelchair. JOHNSON seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use SC DRUG will be provided properly disabled-accessible facilities. JOHNSON also seeks recovery of damages for his discriminatory experiences and denial of access and civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled-accessible facilities. JOHNSON also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs.

**B. JURISDICTION**

2. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §§4450 et seq, California Civil Code §§51, 52, 54, 54.1, 54.4 and 55; and Title 24 California Code of Regulations.

**C. VENUE**

3. Venue is proper in this court pursuant to 28 USC §1391(b)and is founded on the fact that the real property which is the subject of this action is located in this district, that

1  JOHNSON resides in this district and that JOHNSON's causes of action arose in this
2  district.

3  **D. INTRADISTRICT**

4      4. This case should be assigned to the San Jose intradistrict as the real property
5  which is the subject of this action is located in this intradistrict and JOHNSON's causes of
6  action arose in this district.

7  **E. PARTIES**

8      5. Plaintiff, RICHARD JOHNSON, is a qualified physically disabled person who has
9  been disabled since an accident left him paraplegic in or about July 2009 and is a "person
10 with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when
11 ambulating, and is a "disabled" person within the meaning of Civil Code §54 and §54.1.
12 Defendants, SANTA CLARA DRUG COMPOUNDING PHARMACY; OWNER OF 2453
13 FOREST AVENUE, SAN JOSE CALIFORNIA; OWNER OF SANTA CLARA DRUG
14 COMPOUNDING PHARMACY; and DOES 1-10, Inclusive, are the owners, subsidiaries,
15 operators, lessors and lessees of the business property, buildings and/or portions thereof
16 known as Santa Clara Drug Compounding Pharmacy ("SC DRUG"), located at 2453 Forest
17 Avenue, San Jose, California 95128. SC DRUG is a "public accommodation" and "business
18 establishment" subject to the requirements of California Civil Code §§51 et seq and  §§54.
19 SC DRUG, since July 1, 1982, has undergone construction and/or "alterations, structural
20 repairs, or additions", subjecting such facility to disabled access requirements of California
21 Title 24, the State Building Code. Further, irrespective of the alteration history, such
22 premises are subject to the "readily achievable" barrier removal requirements of Title III of
23 the Americans with Disabilities Act of 1990.

24      6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are
25 unknown to JOHNSON, who therefore sues said defendants by such fictitious names.
26 JOHNSON is informed and believes and alleges thereon that each of the defendants herein
27 designated as "Doe" is legally responsible in some manner for the events and happenings
28 herein referred to and caused injury and damages proximately thereby to JOHNSON.

---

**COMPLAINT**                                                                          3

1 | JOHNSON prays leave of Court to amend this Complaint to show such true names and
2 | capacities when the same have been ascertained.

3 | 7. Defendants SANTA CLARA DRUG COMPOUNDING PHARMACY; OWNER OF
4 | 2453 FOREST AVENUE, SAN JOSE CALIFORNIA; OWNER OF SANTA CLARA DRUG
5 | COMPOUNDING PHARMACY; and Does 1 through 10, Inclusive, are and were the owners,
6 | subsidiaries, operators, lessees and/or lessors of the subject property and/or buildings at
7 | all times relevant to this Complaint. JOHNSON is informed and believes and alleges
8 | thereon that each of the defendants herein is the agent, employee or representative of each
9 | of the other defendants, and performed all acts and omissions stated herein within the
10 | scope of such agency or employment or representative capacity and is responsible in some
11 | manner for the acts and omissions of the other defendants in proximately causing the
12 | damages complained of herein.

**FIRST CAUSE OF ACTION**
**DENIAL OF FULL AND EQUAL ACCESS TO**
**PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Govt. Code §4450 et seq; Civil Code §§54, 54.1 et seq)**

8. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately plead hereafter.

9. JOHNSON and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Government Code §4450 et seq. JOHNSON is a member of that portion of the public whose rights are protected by the provisions of California Government Code §4450 et seq. and Civil Code §§ 54 and 54.1.

10. Government Code §4450 et seq were enacted "to ensure that all buildings, structures, sidewalks, curbs, and related facilities, constructed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall

---

**COMPLAINT** | 4

1   be accessible to and usable by persons with disabilities". On information and belief,
2   Government Code §4450 et seq apply to SC DRUG. Civil Code §54 provides
3   that:"Individuals with disabilities or medical conditions have the same right as the general
4   public to the full and free use of the streets, highways, sidewalks, walkways, public
5   buildings, medical facilities, including hospitals, clinics, and physicians' offices, public
6   facilities, and other public places. " Civil Code §54.1 provides that: "Individuals with
7   disabilities shall be entitled to full and equal access, as other members of the general
8   public, to accommodations..." The codes relating to such public accommodations also
9   require that "[w]hen sanitary facilities are made available for the public, clients or
10  employees....they shall be made available for persons with disabilities." Title 24, California
11  Code of Regulations, formerly known as the California Administrative Code, was in effect
12  at the time of each alteration which occurred at such public facility since July 1, 1982, thus
13  requiring access complying with the specifications of Title 24 whenever each such
14  "alteration, structural repair or addition" was carried out. Defendants and/or their
15  predecessors in interest carried out alterations, structural repairs or additions to the subject
16  building and its parking facilities during the period Title 24 has been in effect.

17      11. JOHNSON has been a disabled individual since an accident left him paraplegic
18  in or about July 2009.  His visit to SC DRUG was on or about April 1, 2016, when he wanted
19  tp purchase items at the pharmacy. During his visit to SC DRUG, he experienced numerous
20  barriers to access in violation of both federal and state access for disabled people laws,
21  including but not limited to the following:

22
23  •   JOHNSON experienced difficulties in the parking lot because:
            •   there is no ADA or van parking for his vehicle, a side-loader van;
24          •   there is no path of travel from the public right of way;
            •   the exterior concrete has horizontal and vertical gabs; and
25          •   there is no exterior path to the upper area front door.

26  •   JOHNSON experienced difficulties in entering the business because:
            •   there is no signage on the main door to the accessible entrance;
27          •   the signage at the lower area is not compliant;
28          •   the door knobs are hard to operate; and

---

**COMPLAINT**                                                                    5

1          •     he had to roll behind parked cars to reach the lower entrance.

2 •   JOHNSON experienced difficulties inside the business because:

3          •     the lower store level is completely inaccessible.

4

5      JOHNSON was humiliated and embarrassed at having to be brought products

6 outside, and not being able to shop the entire store. He was also very fearful when he

7 had to traverse the area behind parked cars to try to get to the entrance, as he has

8 recently been hit by a car in a similar parking area situation.

9      These barriers have rendered SC DRUG and its premises illegally inaccessible to

10 and unuseable by physically disabled persons, including JOHNSON. All facilities must

11

12 be brought into compliance with applicable federal and state statutory and regulatory

13 requirements, according to proof.

14      12. Further, each and every violation of the Americans with Disabilities Act of

15 1990 (as pled in the Third Cause of Action below), also constitutes a separate and

16 distinct violation of California Civil Code §54(c), thus independently justifying an award of

17

18 damages and injunctive relief pursuant to California law, including but not limited to, Civil

19 Code §§54.3 and 55.

20      13. Further, each and every violation of the Americans with Disabilities Act of

21 1990 (as pled in the Third Cause of Action below), also constitutes a separate and

22 distinct violation of California Civil Code §54.1(d), thus independently justifying an award

23 of damages and injunctive relief pursuant to California law, including but not limited to,

24 Civil Code §§54.3 and 55.

25

26      14. JOHNSON seeks injunctive relief to prohibit the acts and omissions of

27 defendants as complained of herein, which are continuing on a daily basis and which

28 have wrongfully excluded JOHNSON and other similarly situated members of the public

from full and equal access to these public facilities. Such acts and omissions are the cause  of humiliation and mental and emotional suffering of JOHNSON in that these actions continue to treat JOHNSON as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with a disability who requires the use of a wheelchair for movement. JOHNSON is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and has been harmed as a result of trying to access the facilities and/or has been deterred and unable to access the facilities. JOHNSON alleges that he intends to return and purchase meals once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable harm and injury to JOHNSON if not enjoined by this court.

15. Whereas, JOHNSON asks this court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to JOHNSON in the respects complained of and to require defendants to comply forewith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by  California Government Code §4452 and California Civil Code §55, and other law. JOHNSON further requests that the court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code §54.3 and 455, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

16. As a result of the denial of equal access to these facilities, and due to the acts and omissions of defendants and each of them in owning, subsidizing, operating, leasing, constructing, altering and maintaining the subject facilities, JOHNSON suffered a violation of his civil rights, including but not limited to, rights under Civil Code §§54 and

**COMPLAINT**

54.1, all to his damages per Civil Code §54.3, including general, statutory and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against JOHNSON on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

17. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards and had a discriminatory affect upon JOHNSON and upon other physically disabled persons, but defendants have failed and refused to rectify these violations, and presently continue a course of conduct of failure to remove architectural barriers that discriminate against JOHNSON and similarly situated disabled persons.

18. As a result of defendants' acts, omissions and conduct, JOHNSON has been required to incur attorney fees, litigation expenses and costs, in order to enforce his rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. JOHNSON therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of California Civil Code §§54.3 and 55. Additionally, JOHNSON's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter stated.

---

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LAW: UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§51, 52, and AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §51(f)**

19. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 18, above, and incorporates them herein by reference as if separately plead hereafter.

20. At all times relevant to this complaint, California Civil Code §51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability.

21. California Civil Code §52 provides that discrimination by defendants against JOHNSON on the basis of his disability constitutes a violation of the anti-discrimination provision of §51 and 52.

22. Defendants' discrimination also constitutes a separate and distinct violation of California Civil Code §52.

23. Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code §51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law.

24. The acts and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§51 and 52. As a proximate result of defendants'

actions and omissions, defendants have discriminated against JOHNSON in violation of California Civil Code §§51 and 52.

25. As a result of defendants' acts, omissions and conduct, JOHNSON has been required to incur attorney fees, litigation expenses and costs as provided by statute, in order to enforce his rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. JOHNSON therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of California Civil Code §§51 and 52. Additionally, JOHNSON's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION

### VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990

### 42 U.S.C. §§12101 et seq

26. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 25, above, and incorporates them herein by reference as if separately plead hereafter.

27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress' stated purpose, in relevant part, was to mandate a national prohibition of discrimination against physically disabled persons and to provide standards to address the discrimination.

28. As part of the ADA, Congress passed the definition of " Public Accommodation" to include "...other sales or rental establishment" (42 U.S.C. §12181(7)(E).

29. The ADA clearly states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. §12182. The specific prohibitions against discrimination included, but were not limited to the following:

(a) §302(b)(1)(A)(ii): "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

(b) §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."

(c)  §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services..."

(d)  §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities...where such removal is readily achievable;" and

(e)  §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of JOHNSON's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 et seq.

30. The removal of each of the barriers complained of by JOHNSON as alleged above were at all times herein mentioned since January 26, 1992 "readily achievable" under the standards of §302 of the ADA. As noted above, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirement for removal of barriers to access for disabled persons per §303 of the ADA.

31. JOHNSON is informed and believes and alleges thereon that, as of the date of his encounter of the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to JOHNSON and to other disabled persons in other respects which violate JOHNSON's rights to full and equal access and which discriminate against JOHNSON on the basis of his disability, thus wrongfully denying to JOHNSON the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§302 and 303 of the ADA.

32. JOHNSON is informed and believes and alleges thereon that defendants have continued to violate the law and deny the rights of JOHNSON and other disabled persons access to SC DRUG since on or before JOHNSON's encounter, as previously noted. Pursuant to the ADA, §308, 42 U.S.C. 12188 et seq, JOHNSON is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000a-3(a), as JOHNSON is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities to the extent required by this title."

33. JOHNSON seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000a-3(a), and pursuant to Federal Regulations adopted to implement the ADA. JOHNSON is a qualified disabled person for purposes of §308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time he attempts to use the facilities at SC DRUG.

WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter stated.

### PRAYER

JOHNSON prays that this court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, subsidiaries, operators, lessors, and/or lessees of the property and premises to modify the above-described property and premises and related facilities so that each

---

**COMPLAINT**                                                                 13

provides full and equal access to all persons, including persons with physical disabilities such as wheelchair users, and issue a preliminary and permanent injunction directing defendants to provide facilities useable by JOHNSON and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2. Retain jurisdiction over the defendants until such time as the court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur and can not recur;

3. Award to JOHNSON all appropriate damages, including but not limited to statutory damages, personal injury damages, general damages, and treble damages in an amount within the jurisdiction of the court, all according to proof;

4. Award to JOHNSON all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgement interest pursuant to California Civil Code §3291; and

6. Grant such other and further relief as this court may deem just and proper.

Dated: _____5/2_____, 2016          SARRAIL, CASTILLO & HALL, LLP

By:_____

Monica Castillo
Attorneys for Plaintiff
RICHARD JOHNSON

**COMPLAINT**                                                                     14

1

**DEMAND FOR JURY**

2

JOHNSON hereby demands a jury for all clams for which a jury is permitted.

3

4

5

Dated: _____ 5/2___, 2016        SARRAIL, CASTILLO & HALL, LLP

6

7

8

By:_____Monica Castillo___

9

10

Monica Castillo
Attorneys for Plaintiff
RICHARD JOHNSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                                                                 15